### W. A. STEWART ET AL. V. OWEN MORRISON ET AL.

#### No. 6883.

1.  **Suit Upon Bond of Administrator.** — While an administration is pending suit can not be brought in another court on the bond of the administrator, but after a final exhibit and account has been approved by the Probate Court the right to sue exists if the administrator refuses to pay over to the distributees as ordered.

2.  **Same—Venue.**—The venue in suit upon the bond of an administrator for failing to pay over money, etc., is properly laid in the county of the residence of the parties, not in the county of the administration.

3.  **Sureties of Administrator Concluded.**—Sureties of an administrator when sued for the failure of their principal to pay over as ordered by the Probate Court upon approving his final account, are concluded by the orders of the Probate Court fixing the amount due the distributees.   His failure to pay authorized suit on the bond.

APPEAL from La Salle.   Tried below before Hon. D. P. Marr.
The opinion states the case.

*Lane & Mayfield,* for appellants.—1.   Where a suit is brought against an administrator of an estate on a money demand, suit must be brought in the county in which such estate is administered.   Rev. Stats., art. 1198, subdiv. 6; 54 Texas, 56.

2.   An original suit by the heirs of an intestate can not be brought in the District Court upon the administrator's bond of the estate of such intestate until the administration thereof has been closed and such administrator thereof discharged; and an averment that the administration is closed or the administrator thereof discharged is indispensably necessary as a jurisdictional fact in plaintiff's petition.   Peveler v.

Peveler, 54 Texas, 56; Buchanan v. Bilger, 64 Texas, 589; Giddings v. Steele, 28 Texas, 748; Hall v. McGehee, 34 Texas, 387; 9 Texas, 15, 504; 12 Texas, 285; 16 Texas, 335.

*F. Vandervoort* and *F. B. Earnest*, for appellees.—1. After the administrator's final account is approved and an order made by the county judge of a partition and distribution of the assets remaining in his hands, the estate is open for no other purpose than for the administrator to comply with the order and file his receipts of payments made in accordance therewith. Rev. Stats., arts. 2143–2145; Fisk v. Norvel, 9 Texas, 13.

2. Where the representatives of a deceased person join in one action against the administrator and his sureties on the bond to recover their respective distributive shares of the estate, they all claim under one and the same title, have a common and undivided interest in the claim, and it is perfectly immaterial to the defendants how it is to be shared among them. Howard v. Britton, 71 Texas, 286; Shield v. Thomas, 17 How., 3.

3. When an administrator shall neglect to deliver to the person entitled thereto, when demanded, any distributive share of the estate, he shall be liable to pay to the owner of such share as damages 10 per cent per month on the amount thereof for each month after such demand. Rev. Stats., art. 2127; Van Hook's executors v. Letchford, 35 Texas, 599; Gray v. McFarland, 29 Texas, 163; White v. Gardner, 37 Texas, 407.

COLLARD, JUDGE, *Section A.*—This was a suit by appellees Susan Morrison and Sarah Dougherty, as heirs of the estate of John McDavitt, deceased, upon the bond of W. A. Stewart, administrator, and his sureties, for their shares of the estate ordered by the Probate Court to be turned over and delivered to them, which the administrator refused to do upon demand. The McDavitt succession was opened in McMullen County on the 24th of January, 1880. At the May term of the Probate Court, 1887, the administrator's final account was approved, showing a balance in money in his hands due the estate, and at the same term partition among the heirs of such fund was ordered, and the administrator ordered to pay to each of them $767.90. Upon his refusal to obey the order of the court after demand, this suit was brought October 15, 1887, in the District Court of La Salle County, where the defendants reside, upon the bond of the administrator. The petition asked for 10 per cent per month damages upon the amounts respectively due the petitioners from the time demand was made and refused, to which the court below sustained special exceptions.

The trial resulted in a judgment for the plaintiffs for the aggregate amount ordered to be paid to them, $1531.80, one-half of said sum to each of said plaintiffs and $103.14 interest on the whole amount at 8

per cent per annum from the time of demand, "aggregating $1634.94, in two equal shares in the right respectively of said Susan Morrison and the said Sallie Dougherty," etc.

The sureties on the administrator's bond have appealed.

It will not be necessary to take up all the assignments of error in detail, though they will all be disposed of in the following general review of the case. The principal question raised by assignments of error is, Could the suit on the bond be brought before the administrator was discharged by the Probate Court? It is said in Buchanan v. Bilger, 64 Texas, 589, that "during the pendency of administration in the County Court that court has entire supervision of the estate and is armed with full powers to protect the interests of the heirs, legatees, and creditors. These are authorized to come into that court and object to any irregularities or improper conduct of the administrator in the execution of his trust; to have his accounts scrutinized and revised by the judge, and the administrator himself removed if necessary; and if the County Court make incorrect rulings in prejudice of their rights, to have them corrected on appeal to the District Court."

These principles can not be questioned; but when the Probate Court has passed all orders that can be made in that court upon the subject of the administrator's final liability to the heirs, and orders the amount found to be due to be paid to them, no other judgment can be required of that court; the duty of the administrator is plain—he must pay the heirs as directed by the judgment, and if he refuses to do so on demand he violates his trust and becomes liable on his bond. There was nothing pending in the Probate Court in reference to the administration after the final account was approved and the partition was ordered among the heirs and distributees of the balance on hand.

The last order of court had been entered that was necessary to fully administer the estate, after seven years of administration. The administrator had not been discharged and could not be until he filed his receipt showing that he had delivered the balance of the estate to the distributees in compliance with the order of the court; but it could not be said that the administration was still pending in the sense that the Probate Court had other matters to adjudicate concerning the rights of the heirs or any one else. Everything had been adjudicated and settled so far as the Probate Court could determine, and now if the administrator fail to deliver to the heirs their portions of the estate in his hands as ordered by the court the remedy is by suit on his bond, which can not be brought in the Probate Court. All this is evident from the nature of the jurisdiction of the Probate Court, and without a statute would be plain enough. But there are statutes which at once settle the controversy if there could be any doubt about it. The statute provides that "in all cases where an order shall have been made by any county judge under the provisions of this title (relating to estates of deceased

persons) for an executor or administrator to pay over money to any person other than the Treasurer of the State, and such executor or administrator shall neglect to make such payment when it is demanded, * * * such executor or administrator shall be liable on his official bond * * * for damages upon the amount he shall so neglect to pay at the rate of 5 per cent per month for each and every month he shall so neglect to make such payment after the same was so demanded; such damages to be recovered by suit against such executor or administrator and the sureties on his bond before any court having jurisdiction of the amount claimed, exclusive of interest and such damages." Rev. Stats., art. 2049.

There is a similar provision of the statute relating specially to the failure of an administrator to pay any portion of an estate ordered to be paid or delivered to a distributee after demand, except that the damages are fixed at 10 per cent per month on the amount of the share withheld, recoverable by suit in any court having competent jurisdiction. Rev. Stats., art. 2127. These statutes authorize the suit for the damages only, but we apprehend it was not intended by the Legislature that the amount or share ordered to be paid or delivered should not also be embraced in the suit. We have now seen that the suit on the bond in this case can be maintained; that it was not premature, because the estate was practically settled and closed—legally administered as far as it could be done in the Probate Court.

We think the suit was properly brought in the county of the residence of the defendants. The statute requiring a suit against an administrator to establish a money demand against the estate to be brought in the county where the estate is administered does not apply to this case. Rev. Stats., art. 1198, sec. 6.

Appellants complain by assignment of error that the court erred in overruling their motion in arrest of judgment, which showed that the judgment was joint for both plaintiffs, when the petition declared on separate causes of action for each plaintiff. This objection to the judgment is not good. It distinctly states the amount each one of the plaintiffs is entitled to, and executions may issue in favor of each for one-half of the whole amount and accrued interest.

The sureties were concluded by the probate orders ascertaining and fixing the amount due by the administrator, and his failure to pay as ordered authorized the suit on the bond.

The judgment is correct and should be affirmed.

*Affirmed.*

Adopted June 16, 1891.

Judge MARR did not sit in this case.