## PASCHAL v. HOBBY et al.  (No. 1396.)

Court of Civil Appeals of Texas. Beaumont. May 27, 1927.

Rehearing Denied June 8, 1927.

1. **Judgment** ⬤⟳475—Probate court's orders and decrees cannot be collaterally attacked in proceeding in district court on administrator's bond.

Probate court is one of general jurisdiction in all probate matters, and its orders and decrees pertaining to estates of decedents, while being administered by it, are binding on all parties and cannot be collaterally attacked in proceeding in district court on administrator's bond.

2. **Executors and administrators** ⬤⟳530—Surety and administrator held not liable for administrator's turning over money to county clerk pursuant to order of probate court, regardless of illegality thereof.

Although probate court's order directing administrator to turn over money in his hands to county clerk was illegal and such order should have been to turn money over to heirs of decedent, administrator and his surety are not liable for such action pursuant to court's order, where no objection was made to order or appeal prosecuted therefrom.

3. **Counties** ⬤⟳99—County clerk's sureties held not liable for conversion of money paid him through illegal probate court order.

Probate court's order directing administrator to turn over money of estate to county clerk being illegal, sureties on county clerk's official bond were not liable therefor on clerk's conversion of such money; it not coming in his possession by virtue of his office.

·4. **Appeal and error** ⬤⟳1173(3)—Administrator's surety held not liable where administrator was held not liable on appeal, regardless of surety's failure to appeal.

Where probate court's order directing administrator to turn over assets of estate to county clerk was illegal since administrator was not liable for so doing, his surety, although it did not appeal from adverse judgment, was not liable on reversal of judgment against administrator.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by W. P. Hobby, Governor, and others for the use and benefit of Carrie Conn and others, heirs of T. S. Spicer, deceased, against J. A. Paschal, administrator of the estate of T. S. Spicer, deceased, D. W. Ryan, and others. On the death of defendant Ryan, his heirs were made parties. From a judgment for plaintiffs against defendants J. A. Paschal and the United States Fidelity & Guaranty Company, J. A. Paschal appeals. Reversed and rendered in part and affirmed in part.

Dycus & Shivers, of Port Arthur, for appellant.

W. P. Hobby, pro se.

HIGHTOWER, C. J. This suit was filed in the district court of Jefferson county (Sixtieth judicial district) by W. P. Hobby, then Governor of Texas, for the use and benefit of Carrie Conn and others, alleged to be the lawful heirs of T. S. Spicer, deceased, who died in Jefferson county, Tex., prior to January 5, 1917, and on that date J. A. Paschal, appellant here, was duly appointed administrator of the estate of T. S. Spicer by the probate court of Jefferson county, and he, in due time, qualified as such administrator and filed his bond, upon which the United States Fidelity & Guaranty Company of Baltimore, Md., was his surety. The petition alleged, in substance, that Paschal administered upon the estate under the orders of the probate court of Jefferson county until he was discharged as such administrator by the probate court of Jefferson county on January 30, 1920. It is further alleged that, at the time the administrator filed his final account and procured an order of discharge, there was in his hands as such administrator $983.16 that belonged to the heirs of T. S. Spicer, all of whom were named in the petition, and that the administrator, Paschal, had never accounted to the heirs of Spicer for said money or any part thereof, but that on the contrary he, without lawful authority, turned said money over to A. C. Walker, who was at the time county clerk of Jefferson county, and that the money was never turned over to Spicer's heirs, but was wholly lost to them and converted by Walker. The petition expressly alleged that Paschal, in turning the money over to Walker, acted under the order of the probate court of Jefferson county, but that the probate court was without authority to make such order, and that, therefore, the order did not have the effect to protect Paschal, as administrator, and that he and his surety were liable to Spicer's heirs, and the plaintiff prayed for judgment in behalf of said heirs for the money turned over to Walker, with interest thereon at the rate of 6 per cent. per annum from the 1st of February, 1920.

An amended petition was afterwards filed, and in that petition A. C. Walker and the sure-

ties on his official bond, as county clerk of Jefferson county, were made parties defendant. As against these new defendants, it was alleged, in substance, that Walker converted and embezzled the money that was turned over to him by the administrator, Paschal, and that the plaintiffs were entitled to recover the money converted and embezzled by Walker against him and his sureties, J. F. Horkan and D. W. Ryan, and such judgment was prayed against them in the event the court should hold that the plaintiffs could not recover against defendant Paschal and the surety on his bond, as administrator. Defendant Ryan thereafter died, and by amendment his heirs were made parties to this suit.

All defendants answered in due time, interposing a general demurrer, general denial and other special defenses unnecessary to be stated here, with the exception of the defense interposed by the defendant Paschal that he and the surety on his official bond, as administrator, were not liable to the plaintiffs, for the reason that Paschal paid the money that was in his hands, as administrator, into the registry of the probate court of Jefferson county under order of that court, and that such order had the effect to protect him against the claim of the plaintiffs in this suit.

The case was tried to the court without a jury, and judgment was rendered in favor of the plaintiffs against defendant Paschal and against United States Fidelity & Guaranty Company, as surety on his bond as administrator, for $934.83, with interest thereon at the rate of 6 per cent. per annum from the 1st day of February, 1920. The trial court held that plaintiffs were not entitled to recover anything against the sureties on the bond of defendant Walker, and rendered judgment accordingly. From this judgment the defendant Paschal has duly prosecuted an appeal to this court, and challenges the judgment against him on several grounds, one of which is that the judgment is erroneous because the undisputed facts in the case showed that in turning over the money in his hands, as administrator, to A. C. Walker, as clerk of the county court of Jefferson county, he did so in good faith and in compliance with the order of the court. Appellees contend that the judgment against Paschal and his surety was correct, because the order of the probate court, in so far as it authorized and directed Paschal to turn the money in his hands over to the county clerk of Jefferson county, was absolutely null and void, because the probate court had not the power or authority to make such order, and that, therefore, it could not have the effect to protect the defendant Paschal and the surety on his official bond.

[1] It is well established by the decisions of this state that a probate court is a court of general jurisdiction in all probate matters, and that its orders and decrees pertaining to estates of decedents, while being adminis-

tered by said court, are binding upon all persons and cannot be collaterally attacked in a proceeding in a district court,. as the plaintiffs in this case have attempted to do.

[2] It is true, as contended by appellees, that the probate court's order directing the administrator, Paschal, to turn over the money in his hands to the county clerk of Jefferson county was wrong and illegal, and the order should have been that the administrator turn over the money to Spicer's heirs, to whom it belonged, as shown' by the administrator's report and final account. It does not follow, however, that the order of the probate court directing the administrator to turn over the money to the county clerk was absolutely void in the sense that it can afford no protection to the administrator and the surety on his bond. There is no contention that there was any collusion or bad faith upon the part of the administrator in complying with 'the order of the probate court, but, on the contrary, the record shows that the administrator acted in perfect good faith in complying' with the probate court's order directing him to turn over the money to the county clerk. The court was administering the estate of T. S. Spicer, deceased, and had acquired complete jurisdiction to wind up the estate and discharge the administrator, whose final account was in all things approved, and he was entitled to be discharged. There was no objection to the order directing the administrator to turn over the money in his hands to the county clerk of Jefferson county, nor was there any kind of an appeal prosecuted from that order. Upon these undisputed facts we hold that the order of the probate court of Jefferson county directing the administrator. Paschal, to turn over the money in question to the county clerk of Jef-'ferson county is a complete defense to the suit of the plaintiffs, both for the administrator and the surety on his official bond. Cameron v. Morris, 83 Tex. 14, 18 S. W. 422; Sabrinos v. Chamberlain, 76 Tex. 624, 13 S. W. 634; Buchanan v. Bilger, 64 Tex. 589.

[3] Counsel for appellees contend that, if they were not entitled to recover against defendant Paschal and the sureties on his bond, as administrator, then, certainly, they were entitled to recover against Walker and the sureties on his official bond, as county clerk. The trial judge filed no finding of fact or conclusions of law, but presumably he held that the sureties on Walker's official bond were not liable because the money in question did not come into Walker's possession by virtue of his office, and that, therefore, his sureties were not liable upon his official bond. The court was correct in so holding. Walker's bondsmen could only be held liable for violation of his official duty, and it was not his duty, as county clerk, to receive the money belonging to the heirs of Spicer from the ad-

ministrator, Paschal, notwithstanding the fact that the probate court ordered the administrator to turn the money over to Walker. There was, however, no appeal by the plaintiffs in this case from the holding of the trial court denying recovery against Walker and his sureties, nor was there any cross-assignment of error filed by them against that ruling, in so far as this record reflects.

[4] Counsel for appellees also contend that the judgment should be affirmed, in any event, as against the United States Fidelity & Guaranty Company, as surety on Paschal's bond as administrator, because no appeal was prosecuted by it from the judgment against it. This contention is not sound, notwithstanding there was no appeal by the United States Fidelity & Guaranty Company because there is no possible theory upon which the plaintiffs could have a judgment against the company except upon the theory that Paschal, the administrator, was liable to the plaintiffs.

From these conclusions it follows that the judgment against defendant Paschal and the United States Fidelity & Guaranty Company in favor of the plaintiffs is reversed and here rendered in favor of those defendants. In all others respects, the trial court's judgment is affirmed.