**SMITH et al. v. PASCHAL et al.**
(No. 1036–4943.)

Commission of Appeals of Texas, Section A.
Jan. 25, 1928.

1. Constitutional law ⊕=29—Exercise of constitutional grants of probate authority must conform to valid statutory regulations (Const. art. 5, § 16).

Grants of probate authority under Const. art. 5, § 16, can be exercised only conformably to valid statutory grants and regulations, and statutory methods are exclusive.

2. Judgment ⊕=489—Court's lack of authority to award relief which judgment purports to grant renders judgment void and subject to collateral attack.

Judgment is rendered void, not only by lack of jurisdiction over parties or subject-matter, but by court's lack of authority to award particular relief which the judgment undertakes to grant, and judgment so entered is subject to collateral attack.

3. Executors and administrators ⊕=303(3), 315(6)—Probate order requiring administrator to deliver remains of estate to county clerk held void and subject to collateral attack in suit on administrator's bond (Const. art. 5, § 16; Rev. St. 1925, arts. 3634–3660).

Probate order, purporting to authorize and require administrator in final settlement to deliver remainder of estate to county clerk, *held* void order and subject to collateral attack in suit on administrator's bond, since such disposition of property is not authorized by Const. art. 5, § 16, or statutes enacted pursuant thereto, Rev. St. 1925, arts. 3634–3660; nullity being apparent on face of judgment.

4. Judgment ⊕=485—Nullity which appears on face of judgment and judgment roll renders judgment subject to collateral attack.

Where nullity of judgment appears on its face and on judgment roll, void character of judgment is noticeable by any court at any time, as distinguished from mere irregularity or matters outside record which are within protecting doctrine of collateral attack.

5. Executors and administrators ⊕=530—Obligation of administrator's bond is not released by improper distribution of estate made under apparent compulsion of void order (Rev. St. 1925, art. 3387).

Obligation of administrator under his bond to perform all duties required under appointment by virtue of Rev. St. 1925, art. 3387, including duty of settlement and distribution under chapters 25 and 26, is not released by improper distribution resulting in loss to heirs, even though made pursuant to good-faith observance of void order or under mistaken belief in its compulsion.

6. Executors and administrators ⊕=530—Improper distribution by administrator of residue of estate to county clerk pursuant to void order held to warrant recovery on administrator's bond for resulting loss to heirs (Const. art. 5, § 16; Rev. St. 1925, arts. 3634–3660 and arts. 3387, 3641, 3644, 3652, 3653).

Administrator and surety on administrator's bond under Rev. St. 1925, art. 3387, conditioned on performance of duties of his appointment, including settlement and distribution required by chapters 25 and 26, *held* liable to heirs for loss resulting from delivery of residue of estate to county clerk, notwithstanding delivery was made pursuant to probate order, since such order was void and subject to collateral attack as outside authority given probate court by Const. art. 5, § 16; Rev. St. 1925, arts. 3634–3660.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by W. P. Hobby, Governor, and others, for the use of Camille Smith and others, against J. A. Paschal, administrator of the estate of T. S. Spicer, deceased, and others.

———

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Judgment for plaintiffs against some of defendants was reversed and rendered in part by the Court of Civil Appeals (296 S. W. 336), and Camille Smith and others bring error. Judgment of district court affirmed, and that of Court of Civil Appeals affirmed in part and reversed in part.

O'Fiel & Reagan and David E. O'Fiel, all of Beaumont, for plaintiffs in error.

Dycus & Shivers and R. A. Shivers, all of Port Arthur, for defendants in error.

NICKELS, J. We refer to the opinion of the Court of Civil Appeals (Paschal v. Hobby, 296 S. W. 336), for complete statement of the case. It is sufficient here to say that the matter presented must turn upon asserted nullity in the probate order purportedly authorizing and requiring the administrator, in final settlement, to deliver the remains of the estate to the county clerk. That delivery was made, the property was lost to those entitled to receive it finally, and the order (with compliance by the administrator) was held (by the Court of Civil Appeals) to be a complete defense available to the administrator and his surety. The ruling was predicated, in the main, upon the opinions in Cameron v. Morris, 83 Tex. 14, 18 S. W. 422, Sabrinos v. Chamberlain, 76 Tex. 624, 13 S. W. 634, and Buchanan v. Bilger, 64 Tex. 589.

In chapters 25 and 26, tit. 54, R. S. 1925 (articles 3563–3573, 3574–3591, R. S. 1911) provision is made for settlement of administration, disposition of remaining assets, discharge of administrators, etc. If "there be any of the estate remaining in the hands of the executor and administrator," it is said, "and the heirs, devisees or legatees * * * or their assignee, or either of them, are present or represented in court," distribution "among them" shall be ordered (article 3641). But if those entitled, "or any of them," "do not appear or are not represented in the court," the county judge is required (article 3644) to make an order directing payment to the state treasurer of "any funds of such estate remaining in the hands of the executor or administrator." The state treasurer, of course, becomes, in such case, mere custodian or trustee (articles 3652, 3653).

[1] In section 16, art. 5, of the Constitution, are to be found grants of probate authority, exercisable (it is to be assumed) conformably to valid statutory grants and regulations (Houston v. Killough, 80 Tex. 296, 16 S. W. 56), of which the provisions of chapters 25 and 26 are to be taken as examples. Thus, in respect to a particular subject-matter, the "course of the court" is laid down so as to include a particular grant of a definite power and specific directions for the manner of its user. In consequence, the method named is preclusive of others. Foster v. City of Waco, 113 Tex. 352, 255 S. W. 1104. Ex vi necessitate, whatever order is made (when read separately or with its "judgment roll"), there will be record exhibition of observance or disregard (as the case may be) of the statutory directions as to the kind of judgment required to be entered. Here, it thus appears, there was effort to use the power in entire disregard of the method by which its grant is conditioned.

[2-4] The most usual statement of what makes a judgment void (distinguishable from voidable) is lack of jurisdiction over the parties, or some of them, or want of jurisdiction over the subject-matter. But, whether really included in the first-named condition or not, there is a third (or supplemental) state of like effect, and that is absence of authority to award the particular relief which the judgment undertakes to grant. Crow v. Van Ness (Tex. Civ. App.) 232 S. W. 539, 541; Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931; Freeman on Judgments, § 116; 33 C. J. 1076. This, we think, has recognition in Houston v. Killough, supra, Clayton v. Hurt, 88 Tex. 598, 32 S. W. 877, Crawford v. McDonald, 88 Tex. 626, 630, 33 S. W. 325; and it is not contra to anything said or held in the cases cited by the Court of Civil Appeals. The latter cases, and others like them which might be cited, had to do with mere irregular use of power and not (as here) with forbidden use of particular authority or use of authority in a method different from that specifically prescribed by the law of the court's creation and being. We have the case of a nullity which appears in the face of the judgment and its roll—noticeable "by any court and at any time" (Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770; Cotton v. Rhea, 106 Tex. 220, 223, 163 S. W. 2)—and not the case of something void for de hors matter or mere irregularity and, hence, within the protecting doctrine of "collateral attack."

[5, 6] The contract of Paschal and his surety included an obligation of "well and true performance" of "all the duties required" of Paschal, administrator, under his "appointment" (article 3387, R. S. 1925; article 3310, R. S. 1911); inter alia the duty of "settlement" and distribution required in chapters 25 and 26. Release of the obligation is not a consequence of settlement and distribution of another kind, resulting in loss to heirs, etc., even when pursuant to good-faith observance of the void order (Lyons-Thomas Hdw. Co. v. Stove Co., 88 Tex. 468, 486, 27 S. W. 100; Seagraves v. Green [Tex. Com. App.] 288 S. W. 417, 424), or mistaken belief in its compulsion (Guinn v. United States, 238 U. S. 347, 35 S. Ct. 926, 59 L. Ed. 1340, L. R. A. 1916A, 1124; Myers v. Anderson, 238 U. S. 368, 35 S. Ct. 932, 59 L. Ed. 1349).

There is error, it results, in the judgment of the Court of Civil Appeals in respect to the liability of Paschal and his surety.

Relief against other defendants in error was sought "only in the event" the probate order mentioned be valid. Consideration of

the action of the district court and of the Court of Civil Appeals releasing Walker's sureties is unnecessary in view of the prayers for relief and the conclusion in the other branch of the case.

We recommend that the judgment of the Court of Civil Appeals as between plaintiffs in error, E. C. Willis, Camille Smith and husband, Eugene L. Smith, Carrie Conn, Laura Doty and husband, Roy L. Doty, Janette Willis and husband, B. F. Willis, Fred H. Mundinger, Howard Mundinger, Lsaette Simmert and husband, Julius Simmert, Clyde R. Conn, Earnest Q. Conn, Wilmot J. Spicer, Phoebe Cooper and husband, Guy Cooper, Grace Johnson and husband, C. F. Johnson, Ray P. Conn, Mrs. Martha Hazel Ryan, Martin Ryan, Dorthy Ryan, D. W. Ryan, Jr., Max C. Otto and wife, Mrs. Ellis R. Otto, and Mrs. Ellis R. Otto, as guardian of the person and estate of D. W. Ryan, Jr., on the one hand, and defendants in error, J. A. Paschal and United States Fidelity & Guaranty Company, on the other, be reversed, that the judgment of the district court as between those parties be affirmed, and that in all other respects the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed as between the parties named in the recommendation of the Commission of Appeals, and judgment of the district court as between those parties affirmed. Judgment of the Court of Civil Appeals in all other respects affirmed; all as recommended by the Commission of Appeals.