FORD v. WHEAT et al. (No. 7386.)

Court of Civil Appeals of Texas. Austin. Nov. 6, 1929.

Rehearing Denied Nov. 27, 1929.

---

J. A. Thomas, Lloyd Kerr, and Louis D. Gayer, all of San Angelo, for appellants.

Collins, Jackson & Snodgrass, of San Angelo, for appellee Wheat.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellee United States Fidelity & Guaranty Co.

BAUGH, J. On December 20, 1927, J. J. Ford, as owner of 140⁄360 of the residue of the estate of E. R. Jackson, deceased, filed this suit in the district court of Tom Green county, for himself, and on behalf of the other owners of the residue of said estate, against Ira L. Wheat, former administrator of said estate, and the United States Fidelity & Guaranty Company, surety on his administrator's bond. Attached to his petition as an exhibit, and as a basis of his cause of action, was a copy of an order of the probate court of Sutton county, in which said administration was had, as follows:

"On·this the 24th day of September, A. D. 1921, at a regular term of this court, came on to be heard and considered it the administration of the estate of E. R. Jackson, deceased, the amended final account of Ira L. Wheat, administrator of said. estate, this day filed in compliance with an order of this court, heretofore made and by agreement of all parties at interest, together with his application, to be discharged as such administrator, and it appearing to the court that due notice has been given as required by law of the filing of the original final account and that the amendment thereof is filed with the consent and by agreement of all parties at interest, the court proceeded to examine the said account, and after fully considering the same, it is ordered by the court that the said amended final account be and the same is hereby approved, as made, the same showing that the said Ira L. Wheat, as administrator, is due the said estate of E. R. Jackson, deceased, the sum of $1,608.21, and it is ordered, adjudged and decreed that he be held to account to said estate therefor.

"And it further appearing to the court that there is a balance of $452.63 cash on hand in the First National Bank of Sonora, Texas, belonging to said estate, it is further ordered that the said Ira L. Wheat pay the said $452.-63 to J. D. Lowrey, clerk of this court, and that he also turn into the registry of this court all notes, certificates of stock and bonds belonging to said estate, as shown by said report or account, all of which is to be held by the said J. D. Lowrey as trustee for the owners of the residue of said estate of E. R. Jackson, deceased, subject to the further orders of this court.

"It is further ordered, adjudged and decreed by the court that the said Ira L. Wheat be and he is hereby discharged as administrator of said estate of E. R. Jackson, deceased, without prejudice to the owners of the residue of said estate."

On November 16, 1928, the trial court sustained exceptions of both Wheat and the surety company to appellant's petition, on the ground that it showed upon its face to be barred by the statute of limitation of four years and ordered said suit dismissed. Whereupon appellant asked for, and was granted, leave to amend his pleadings. His amended pleading, filed November 19, 1928, in effect admitted delivery, to those entitled to receive it, of all property of said estate remaining in the hands of the administrator on September 24, 1921, but alleged that Wheat had failed to pay to them the $1,608.21 found

by the probate court to be due the estate by him. An exception to this petition that said cause of action was barred by the statute of limitation of four years was also sustained, and the suit dismissed; hence this appeal.

Suit was not filed until more than six years after the order of the probate court above set out was entered. That portion of said order directing Wheat to pay the cash in his hands over to the county clerk, and to turn the other personal property into the registry of the court, was void under the holding in Smith v. Paschal (Tex. Com. App.) 1 S.W.(2d) 1086. But this invalidity, in and of itself, does not make the entire order void. A judgment may be valid in part and void in part. Automobile Finance Co. v. Bryan (Tex. Civ. App.) 3 S.W.(2d) 835. Even an erroneous judgment, where the court clearly had jurisdiction, is not void, nor subject to collateral atack. Crow v. Van Ness (Tex. Civ. App.) 232 S. W. 541. Nowhere in said order do we find any language closing said administration, as the statutes (articles 3642 and 3643, Rev. St. 1925) clearly contemplate. The court should have ordered the residue of said estate turned over to the owners, and upon a showing of compliance therewith should have made final his order discharging the administrator and closing the administration.

Omitting entirely, however, the void portion of said order, said decree shows an application for final discharge duly made by the administrator; a final account filed as required by law, and approved by the court; a finding by the court that the administrator owed the estate $1,608.21; and an order that he be finally discharged. All of these matters were clearly within the jurisdiction of the probate court. And whether the final discharge set out in the third paragraph of said decree necessarily presumes that the administrator had already in fact delivered the residue of said estate into the hands of its owners, appellant, the only one in position to complain, in his amended pleadings admitted that such residue had been so delivered, and sought judgment only for the item of $1,608.21. Under such circumstances we think the appellee Wheat was clearly discharged as such administrator by the court's order of September 24, 1921. When the residue of said personal property was delivered to its owners, the administrator's final account having already been approved, and the order made that he "be and hereby is discharged," there was nothing further that the probate court could do, and said administration was in fact closed.

We do not sustain appellant's contention that as a matter of law said administration could not be closed until the administrator had paid the $1,608.21. The probate court had no jurisdiction to enforce the collection of that sum after all the property of the estate had passed to the owners, and could do nothing further than it had already done; i. e., find and establish such debt against the administrator. The remedy of the residuary owners or legatees was then by a suit in a court of competent jurisdiction against the administrator and the sureties on his bond. This right arose against him only when he was discharged and the estate closed, and would be subject to the statutes of limitation, as would any other claim established by the probate court. Stewart v. Morrison, 81 Tex. 396, 17 S. W. 15, 26 Am. St. Rep. 821; Hanrick v. Curley, 93 Tex. 473, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Bain v. Coats (Tex. Com. App.) 244 S. W. 134; Dowe v. Mixon (Tex. Civ. App.) 299 S. W. 346. In filing the suit herein the appellant has of necessity treated said estate as closed.

Nor do we sustain appellant's contention that the finding of the probate court, in its order discharging Wheat as administrator, that he was due said estate the sum of $1,608.21, is a judgment of a court of record, within the purview of article 5532, Rev. St. 1925, so as to make the 10-year statute of limitation apply thereto. That statute authorizes a scire facias or a suit to revive a judgment only "where execution has not issued within twelve months after the rendition of the judgment. * * *" The decree of the county court was an order in probate, and the indebtedness found was merely a finding of fact by that court. It had no jurisdiction to render any judgment against Wheat for that amount. No sort of process could issue against him or his surety thereon. The collection of said sum could not be enforced in the probate court. As stated above, the remedy of appellant against said administrator, after the property had all been delivered to its owners, was by a suit in a court of competent jurisdiction against him, as in case of any other liquidated and established debt. We do not think article 5532 has any application to the finding of the probate court. The judgment of the trial court is therefore affirmed.

Affirmed.