The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

## FORD v. WHEAT et al.

### No. 1427—5629.

Commission of Appeals of Texas, Section A.

March 4, 1931.

J. A. Thomas, Louis D. Gayer, and Lloyd Kerr, all of San Angelo, for plaintiff in error.

Collins, Jackson & Snodgrass, of San Angelo, and Seay, Seay, Malone & Lipscomb, of Dallas, for defendants in error.

HARVEY, P. J.

This is a suit brought December 20, 1927, by the plaintiff in error, J. J. Ford, on the bond of Ira L. Wheat, as administrator of the estate of E. R. Jackson, deceased. Later Ford filed his amended petition in which he declared on the same cause of action as in his original petition. In the amended petition it is alleged that the will of E. R. Jackson, deceased, was duly admitted to probate in the county court of Sutton county, Tex., and that on May 20, 1914, Ira L. Wheat was duly appointed by said county court as administrator of the estate of Jackson, with the will annexed, and that Wheat duly qualified as such administrator. It is further alleged that on September 24, 1921, the said county court entered the following order in said administration proceeding, to wit:

"On this 24th day of September, A. D. 1921, at a regular term of this court, came on to be heard and considered in the administration of the estate of E. R. Jackson, deceased, the amended final account of Ira L. Wheat, administrator of said estate, this day filed in compliance with an order of this court heretofore made and by agreement of all parties at interest, together with his application to be discharged on such administrator; and it appearing to the court that due notice has been given as required by law, of the filing of the original final account and that the amendment thereof is filed with the consent of all parties at interest, the court proceeded to examine said account, and after fully considering the same, it is ordered by the court that the said amended final account be and the same is hereby approved as made, the same showing that said Ira L. Wheat, as administrator, is due the said estate of E. R. Jackson, deceased, the sum of $1608.21; and it is ordered, adjudged, and decreed that he be held to account to said estate therefor. And it further appearing to the court that there is a balance of $452.63 cash on hand in the First National Bank of Sonora, Texas, belonging to said estate, it is further ordered that the said Ira L. Wheat pay the said $452.63 to J. D. Lowery, clerk of this court, and that he also turn into the registry of this court all notes, certificates of stock, and bonds belonging to said estate, as shown by

said report or account, all of which is to be held by the said Lowery as trustee for the owners of the residue of said estate of E. R. Jackson, deceased, subject to the further orders of this court. It is further ordered, adjudged, and decreed by the court that said Ira L. Wheat be and he is hereby discharged as administrator of said estate of E. R. Jackson, deceased, without prejudice to the owners of the residue of said estate."

In the amended petition it is further alleged that Ford owns, under assignment from the legatees, a fractional part of the residue of the estate. It is further alleged that the item of $1,608.21, with which the administrator was charged in the above order, has never been accounted for or paid over to the residuary owners, and Ford sues in his own behalf, and in behalf of the other residuary owners, for the recovery of said sum from the administrator and the surety on his bond. He also sues for damages at the rate of 10 per cent. per month on account of the detention of said sum.

When the case came on to be heard, Wheat and the surety on his bond interposed an exception to the amended petition, which is to the effect that said petition shows on its face that the plaintiff's action is barred by the statute of four years' limitation. This exception was sustained by the trial court, and, the plaintiff declining to amend further, a judgment of dismissal was entered. From this judgment, Ford appealed; and the Court of Civil Appeals affirmed the judgment. 22 S.W.(2d) 948.

█ It is noted that the order set out does not purport such a discharge of the administrator, Wheat, as is contemplated by the statute. R. S. art. 3643. The order for discharge purports to be "without prejudice to the owners of the residue of said estate," thus, in effect, reserving the responsibility of the administrator to said owners. It also appears from the face of the order that, on the settlement of the final account of the administrator, as authorized by article 3640, the court found a balance of $1,608.21 due by the administrator to the estate; and the administrator was "held to account to the estate therefor." It was further ordered (presumably with the consent of "all parties at interest") that other property belonging to the estate be turned over to County Clerk Lowery, to be held by him as trustee for the owners of the residue of the estate, "subject to the further orders of the court." The order does not say that the administration proceeding is closed. These considerations disclose that the court did not mean the order

hereinabove set out to have effect to close the administration proceeding or finally discharge the administrator from his trust.

█ This brings up the question as to the right of the residuary owners to sue the administrator and his bondsman before the administrator is discharged and the administration proceeding is closed. The order of September 24, 1921, shows that the essential purpose for which the administration proceeding was opened—that of appropriating assets of the estate to the payment of the debts—had been accomplished. All the things that remained to be done were consequential matters of detail looking to the distribution of the remaining assets of the estate among the owners, and to the discharge of the liability of the administrator to them. A suit in a court of competent jurisdiction is the only adequate means available to the residuary owners to enforce these property rights against the administrator. The furthest the probate court can go in that direction is to enter an order directing the administrator to perform his duty to the owners, in the respects mentioned (which the court has, in effect, done), and to punish the administrator for disobeying the order. In view of all this, it cannot be doubted that a present right of action on the bond of the administrator accrued to the residuary owners in consequence of the order of September 24, 1921. Stewart v. Morrison, 81 Tex. 396, 17 S. W. 15, 26 Am. St. Rep. 821.

██ Although some six years elapsed after the above right of action accrued before this suit was brought, the suit is not barred. Limitation against an action on the bond of an administrator, executor, or guardian (Rev. St. art. 5528) does not commence to run until he dies or resigns or is removed or discharged. Neither of these events has occurred in the present instance. R. S. art. 5528; Marlow v. Lacy, 68 Tex. 154, 2 S. W. 52; Allen v. Stovall, 94 Tex. 618, 63 S. W. 863, 64 S. W. 777.

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be reversed and that the cause be remanded.

CURETON, C. J.

Judgments of the district court and the Court of Civil Appeals are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.