## FORD v. WHEAT et al.
### No. 7817.

Court of Civil Appeals of Texas. Austin.

March 22, 1933.

Kerr & Gayer, of San Angelo, for appellant.

Collins, Jackson & Snodgrass, of San Angelo, for appellee Ira L. Wheat.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellee United States Fidelity & Guaranty Co.

BAUGH, Justice.

This is the second appeal of this case. A full statement of it is found in our former opinion reported in 22 S.W.(2d) 948; and in the opinion of the Commission of Appeals on writ of error granted, reported in 36 S.W.(2d) 712, to which reference is made in the interest of brevity. Suit was by the owners of the residuary estate of E. R. Jackson, deceased, against the administrator and the surety on his bond, to recover the amount found by the probate court, in the order approving the administrator's amended final account, to be due and owing by the administrator to the estate. In our former opinion, we held that the administration was in effect closed and the administrator discharged, and that limitation had run against the beneficiaries under said bond; and affirmed the judgment of the trial court. The Commission of Appeals, with express approval of the Supreme Court, reversed our holding that the administration was closed, held that limitation had not run against plaintiffs' cause of action, and reversed and remanded the case. Upon a second hearing, the trial court sustained a plea in abatement of the defendants, appellees here, that the district court was without jurisdiction because the administration of said estate was still pending, and that the jurisdiction of the probate court was exclusive. This appeal is from that judgment.

In this the trial court clearly erred. Appellees contend that only the question of limitation was presented in the application for writ of error on the former appeal; that only that issue was decided by the Supreme Court; that therefore whatever was said in the opinion of the Commission of Appeals with reference to the right of appellant to sue the administrator and his bondsmen before said estate was finally closed was necessarily obiter; and that the holding of the Commission of Appeals on that question is contrary to numerous decisions, citing, amongst others, Buchanan v. Bilger, 64 Tex. 589; Northcraft v. Oliver, 74 Tex. 166, 11 S. W. 1121; Bluitt v. Pearson, 117 Tex. 467, 7 S.W.(2d) 524; Boedeker v. Boedeker (Tex. Civ. App.) 258 S. W. 566; Maxwell's Unknown Heirs v. Bolding (Tex. Civ. App.) 11 S.W.(2d) 814; and O'Neil v. Norton (Tex. Com. App.) 29 S.W.(2d) 1060, 1062.

These cases and numerous others have held that the jurisdiction of the probate court over estates is fixed by the Constitution, and, when once attached in the administration of such estates, is exclusive. This rule is well settled. This, however, does not deprive district courts of jurisdiction in matters wherein the powers of the probate court have been exhausted, and there is nothing further that the probate court can do. It is patent that the district court cannot interfere with the probate court's proper administration of an estate where the probate jurisdiction has been invoked and is still pending. But matters of which the probate court does not have jurisdiction, or wherein it has gone as far as it can go in the premises, or where its powers "are inadequate to grant the full relief sought, then the district court has jurisdiction and may grant relief." O'Neil v. Norton, supra; Ford v. Wheat (Tex. Com. App.) 36 S.W.(2d) 712, 713; Stewart v. Morrison, 81 Tex. 396, 17 S. W. 15, 26 Am. St. Rep. 821.

Regardless of what the application for writ of error on the former appeal of this case may have shown, the Commission of Ap-

peals expressly found that the administration of said estate of E. R. Jackson was still pending in the probate court, and expressly held, which holding was approved by the Supreme Court, that the district court had jurisdiction of appellant's cause of action, being the same cause of action involved in this appeal, even though said administration had not been closed. The issue of the jurisdiction of the district court was necessarily before the Supreme Court, and necessarily had to be sustained before that court's order reversing and remanding the case could be made. Otherwise the Supreme Court would have ordered the suit in the district court dismissed on the former appeal. That being true, this court and the trial court are bound by that order as a final adjudication of that issue. And it was immaterial what subsequent orders the probate court may have entered after this case had been reversed by the Supreme Court. Such orders could not defeat the jurisdiction of the district court over the subject-matter, after such jurisdiction had already properly attached. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063.

The judgment of the trial court is therefore reversed, and the cause remanded for trial.

Reversed and remanded.