PARKER COUNTY V. J. H. SEWELL AND OTHERS.

The taking of a distinct and independent security, by a vendor of real estate, where it does not appear that he reposed, as well upon his lien, as upon such security, will be considered a waiver of the lien.

ERROR from Parker. Tried below before the Hon. Nat. M. Burford.

This was a suit brought by Parker County against James H. Sewell, John H. Prince, and G. K. Elkin, to recover the amount of a note given by them to the plaintiff, as the consideration for the purchase by Sewell, of certain town lots belonging to the said County, and to enforce the vendor's lien on the lots, which the plaintiff claimed to retain by virtue of the sale. Prince and Elkin executed the note as the securities of Elkin.

The note was given for the sum of $141, dated 24th of June, 1856, payable two years after date; suit was brought to the January Term of the court, 1859.

The petition alleged the consideration of the note, and that, on the day of making the same, a deed was executed by Parker County to Sewell, for the lots. But there was no averment that the plaintiff retained, or required other security, than the personal liability of Sewell, and of his sureties, the other makers of the note.

Isaac Anderson, John W. Mulkin, and B. G. Huff, intervened, and made themselves defendants; they claimed the lots as innocent purchasers from Sewell, and resisted the application of the plaintiff to enforce the vendor's lien, on the ground that it had waived its lien by taking independent, personal security, namely, the joint makers, with Sewell, of the note sued on.

The plaintiff filed a demurrer to the plea of the intervenors; a jury was waived, and judgment was rendered in favor of the plaintiff against the defendants Sewell, Prince, and Elkin, for the amount of the note, and interest; and the court decreed that

the lots were not subject to the vendor's lien, and that the intervenors be quieted in their purchase thereof.

The plaintiff thereupon appealed, and assigned for error, the rendition of judgment in favor of the intervenors for the lots, the quieting them in their possession thereof, and refusing the petitioner's prayer for the enforcement of the vendor's lien.

*Norton & Fisk*, for the plaintiff in error.

*J. C. Rushing*, for the defendant in error.

BELL, J.—The doctrine, that the vendor of land retains a tacit lien upon it, for the unpaid purchase-money, which lien, courts of equity will enforce against the vendee, and those claiming under him, with notice that the purchase-money remains unpaid, is well established in the jurisprudence of this country. But there has been much diversity of decision, both in the English and American courts, upon the question, what circumstances will amount to evidence of the waiver of the lien by the vendor. It would be an unprofitable labor to trace the history of this subject through all the cases. I shall, therefore, content myself with a brief statement of the law of the case now before the court, and with a reference to those sources of information which will enable the practitioner and student, to obtain a full view of the whole subject of the vendor's lien, in the various aspects in which it has been considered by the courts.

In the case of Gilman v. Brown, 1 Mason, Rep. 212, Judge STORY entered into an elaborate discussion of the whole doctrine of the vendor's lien; and arrived at the conclusion, that where the vendor takes a distinct and independent security, either of property or of the responsibility of third persons, the lien will be considered as waived. In the case of Nairn v. Prowse, 6 Vesey, 752, Sir William GRANT, Master of the Rolls, held, that the taking of special security, by way of pledge, would be a substitution of the security so taken for the lien, and that the lien would be waived.

But Lord ELDON, in the case of Mackreth v. Symmonds, 15 Vesey, 348, questioned, to some extent, the doctrine of the case of Nairn v. Prowse, and said, that the doctrine as to taking a mortgage or pledge, would be carried too far, if it is understood as applicable to all cases, that a man taking one pledge, therefore, necessarily gives up another, "which," he added, "must be laid down upon the circumstances of each case, rather than universally."

Judge STORY, in the case of Gilman v. Brown, reviews the case of Nairn v. Prowse, and the case of Mackreth v. Symmonds, and expresses his own opinion that the doctrine announced by the master of the rolls in Nairn v. Prowse, is sound, notwithstanding Lord ELDON's inclination to doubt, and hesitation upon the extent of the doctrine. Judge STORY says, " On a careful examination of all the authorities, I do not find a single case in which it has been held, if the vendor takes a personal collateral security, binding others as well as the vendee, as, for instance, a bond or note, with a surety or an indorser, or a collateral security by way of pledge or mortgage, that under such circumstances a lien exists on the land." And further on, in the opinion, he says, "I have no hesitation to declare that taking the security of a third person for the purchase-money, ought to be held a complete waiver of any lien upon the land ; and that in a case standing upon such a fact, it would be very difficult to bring my mind to a different conclusion. At all events, it is *primâ facie* evidence of a waiver, and the *onus* is on the vendor to prove, by the most cogent and irresistible circumstances, that it ought not to have that effect."

Chancellor KENT also states the rule in the following terms: " Taking a note, bill or bond, with distinct security, or taking distinct security exclusively by itself, either in the shape of real or personal property, from the vendee, or taking the responsibility of a third person, is evidence that the seller did not repose upon the lien, but upon independent security, and it discharges the lien." And in reference to the opinion of the master of the rolls, in the case of Grant v. Mills, 2 Ves. & Beames, 306, where

it was held that a bill of exchange, drawn by the vendee and accepted by him and his partner in trade, did not amount to a waiver of the vendor's lien, Chancellor KENT says : "The sounder doctrine and the higher authority is, that taking the responsibility of a third person for the purchase-money, is taking security, and extinguishes the lien." (See 4 Kent, Com. 171.) The "higher authority" to which the Chancellor referred in the passage just quoted, is Judge STORY, who, in the case of Gilman v. Brown, expressed his dissatisfaction with the doctrine of the case of Grant v. Mills, and said, that he reserved himself for the case, whenever it should arise in judgment. All the authorities upon this subject are grouped in a note to be found on page 590 of the 2d vol. of Story's Com. on Equity Jurisprudence, 7th edition.

In the case now before us, the County of Parker took a note with two persons as security, and there is nothing in the case to show any intention, on the part of the County, to repose upon the vendor's lien, as well as upon the responsibility of the sureties upon the note. It is therefore plain, upon the authorities, that the lien upon the land was extinguished. The judgment of the court below is affirmed.

Judgment affirmed.