## CLARK et al. v. RED RIVER COUNTY.
### No. 3849.

Court of Civil Appeals of Texas. Texarkana.
April 24, 1930.

George Morrison, of Clarksville, for appellants.

B. C. Jones and A. L. Robbins, both of Clarksville, for appellee.

HODGES, J.

This is a suit filed by the appellants against the county of Red River to recover damages resulting from the laying out and establishing of a public road across their land. The petition as amended described the location of the road and of appellants' tract of land on which it was to be established. It alleges that on December 10, 1928, the commissioners' court of Red River county appointed a jury of view to lay out the road in the manner required by law. On January 5, 1929, the members of the jury of view met with the plaintiffs on said land, and, after viewing the same, located the road upon the strip of land described in the petition. They further alleged:

"That the location of said road as made by said jury of view on the land of these plaintiffs as described in paragraph 3 hereof, cuts off from the remainder of their said 230-acre tract a long but a very irregular shaped tract of about nine acres, lying between said road as located by said jury of view and the north boundary-line of said 230-acre tract; that the cash market value of said nine acres has been diminished in value to the extent of Two Hundred Dollars, because the same has been thus cut off in irregular shape and detached by said road from the remainder of plaintiffs' said tract of land.

"That the tract of plaintiffs' land as described in paragraph 3 of this petition at the time of its condemnation by defendant as herein shown was adapted to agricultural purposes, in a high state of cultivation and of the highest degree of fertility and of the

cash market value of eight hundred dollars. In this connection, plaintiffs say that if on final hearing hereof the court should, find from the evidence that at the time plaintiffs' said land was taken and appropriated by defendant for road purposes as alleged herein, it then had no market value, then plaintiffs allege and aver in the alternative that the intrinsic value of said land was then the sum of Eight Hundred Dollars.

"That on said January 5, 1929, plaintiffs presented their claims for damages to said jury of view in the sum of eight hundred dollars as compensation for the value of their land taken by defendant for road purposes as aforesaid and the further sum of two hundred dollars as damages to the nine-acre tract as above alleged.

"That said jury of view refused to allow these plaintiffs their said just and adequate compensation and damages, but a majority of such jury of view then and there assessed such damages at the unjust and wholly inadequate sum of three hundred and fifty dollars as compensation for plaintiffs' land actually taken and appropriated for road purposes and as described in paragraph 3 above and refused to allow plaintiff anything at all as damages to the nine-acre tract as above shown.

"That thereafter said jury of view filed with the county clerk of said county a majority report and also a minority report of their action in the premises; the minority report being signed by said J. H. Wooley, and the majority report by the other members of said jury of view. That in said majority report the plaintiffs' said damages are shown to have been assessed at the said sum of three hundred and fifty dollars for 7-4/10 acres of plaintiffs' land (meaning all of plaintiffs' land as described in said paragraph 3 of this petition), taken and appropriated for road purposes; that the majority report shows, in substance, that the juror making the same was of the opinion that the eight acres of plaintiffs' land so taken and appropriated by defendant was at the time worth at least $75.00 per acre and that the whole of plaintiffs' damages, including the land taken for road purposes and such damages to the remainder not taken because cut off by said road, was the sum of $800.00."

■ Then follow other averments which need not be here noticed. The court sus-

tained a general and special demurrer to the petition, apparently upon the ground that it did not allege that a written claim for damages had been presented to the jury at the proper time. The petition does not allege whether the statement claiming damages was in writing or in parol. The statute governing proceedings of this character is article 6710, and reads as follows: "Any such owner may, at the time stated in such notice, or previously thereto, but not in any event thereafter, present to the jury a written statement of the damages claimed by him, incidental to the opening of such road, and thereupon the jury shall proceed to assess the damages, returning their assessment and the claimant's statement, with their report. If the commissioners court approves the report and orders such road to be opened, they shall consider the assessment and damages by the jury and the claimant's statement thereof, and allow to such owner just damages and adequate compensation for the land taken. When same are paid or secured by special deposit with the county treasurer to the credit of such owner and after notice of such payment or deposit to the owner, and if no objection is made to the jury's report, said court may proceed to have such road opened, if deemed of sufficient importance. Said owner may appeal from such assessment as in cases of appeal from judgment of justice courts, but such appeal shall not prevent the road from being opened, but shall be only to fix the amount of damages."

■■ This provision apparently requires a statement of the claim for damages to be in writing and to be presented at the time designated in the notice. However, the failure to allege that the statement of damages presented to the jury of view was in writing does not render the pleading subject to demurrer. Proof may be made that the statement was in writing under a general averment that a statement was presented. Fahey v. Benedetti (Tex. Civ. App.) 161 S. W. 896, and cases therein cited; Matthews v. Towell (Tex. Civ. App.) 138 S. W. 169; Robb v. San Antonio St. Ry. Co., 82 Tex. 392, 18 S. W. 707; Thomas v. Hammond, 47 Tex. 42; Texas Brewing Co. v. Walters (Tex. Civ. App.) 43 S. W. 548.

The judgment will therefore be reversed and remanded for a trial on the merits.