**SCOTT et ux. v. LEWIS et al.**

**No. 4087.**

Court of Civil Appeals of Texas. Amarillo.

Nov. 1, 1933.

Killough & Dotson, of Vernon, for plaintiffs in error.

JACKSON, Justice.

Plaintiffs in eror, Carr Scott and his wife, Clara J. Scott, present for review the action of the trial court in sustaining a general demurrer to their petition and dismissing their suit against defendants in error E. N. Lewis, Edward Brown, First National Bank of Wellington, and the Lewis Lumber Company, a copartnership composed of E. N. Lewis and E. F. Lewis.

The plaintiffs in error alleged that in 1925 they were husband and wife and purchased from E. L. Fancher, who conveyed to them the east one-half of section 75 in block 14 in Collingsworth county, containing 320 acres of land. That as part of the consideration therefor, they assumed certain vendor's lien notes, which they sufficiently describe, payable to C. F. Seibold, secured by a first lien against the property evidenced by the lien retained in the deed and also by a deed of trust. Immediately on the acquisition of the property they with their children established their home on the north 200 acres thereof, which they have continued to use and occupy as such until the present time.

In 1930, E. N. Lewis and E. F. Lewis obtained a judgment in the county court of Collingsworth county for the sum of $449 against Carr Scott, had the south 120 acres of said tract of land sold under execution, and E. N. Lewis was the purchaser thereof on his bid of $500, which was conveyed to him by sheriff's deed.

In 1930, the First National Bank of Wellington recovered judgment in the district court of Collingsworth county against Carr Scott for $2,000 and the foreclosure of a deed of trust lien on said south 120 acres of said tract, an order of sale was issued on said judgment, and said 120 acres sold, as plaintiffs in error are informed, and conveyed to the First National Bank by sheriff's deed.

In October, 1928, the Lewis Lumber Company instituted suit No. 1471 in the district court of Collingsworth county against plaintiffs in error to recover the balance on two notes aggregating the sum of $1,300 and to foreclose a purported materialman's and mechanic's lien on the north 200 acres of said tract, which constituted their homestead, and on May 28, 1931, judgment was rendered against them for the money and for the foreclosure of said purported materialman's and mechanic's lien against their said homestead. Said 200 acres were sold under an order of sale issued on the judgment and purchased at such sale by E. N. Lewis, on his bid of $500. That the purported lien against their said homestead was invalid because of certain fatal defects, which they stated; that the judgment foreclosing said purported lien was void because of the invalidity of said purported lien, the failure of the petition to allege a valid lien against the homestead, and the failure of the court by reason thereof to acquire jurisdiction to foreclose said purported lien. Plaintiffs in error also allege that while they answered in suit No. 1471, at the time of the trial and the date of the judgment, Clara J. Scott was too ill to attend court and Dewey Young, the attorney representing them, was a member of the Legislature and detained at Austin in the discharge of his duties as such and could not be present; that they were unable to secure other counsel, except to file a motion for a continuance,

which was overruled; that the judgment was secured by perjured testimony, included attorney's fees on the amount for which the purported lien was foreclosed, and the sale was for an inadequate consideration.

On May 14, 1931, E. N. Lewis filed in the district court of Collingsworth county suit No. 1501 against plaintiffs in error on the vendor's lien notes payable to C. F. Seibold and assumed by them, to recover judgment on said notes and to foreclose said vendor's lien on the entire tract of land, and alleged that he was the owner of said notes and default had been made in the payment thereof, although the due date of said notes had been extended by C. F. Seibold before they were acquired by E. N. Lewis and plaintiffs in error were not in default on their payments. In December, thereafter, said suit was dismissed and in the month of January, 1932, E. N. Lewis caused Edward Brown, substitute trustee in the deed of trust given to secure the payment of said notes, to sell the entire 320 acres of land at trustee's sale. That E. N. Lewis became the purchaser at such sale on his bid of $3,500 and received a trustee's deed for the entire tract. That by virtue of the institution of suit No. 1501 to foreclose his vendor's lien, E. N. Lewis elected to proceed in court to subject the property to said indebtedness and lien and was estopped to have said property sold under his deed of trust and such sale and trustee's deed based thereon were void.

Plaintiffs in error alleged that inasmuch as the Seibold notes assumed by them were a first lien on the entire 320 acres and they had established their homestead on the north 200 acres thereof, they were entitled to have the south 120 acres sold first to satisfy such lien and the amount of the proceeds of such sale credited on the entire debt and the homestead to that extent released.

They further alleged that the sale under the judgment obtained in cause 1471 was had while an appeal in said suit was pending in the Court of Civil Appeals at Amarillo and while suit 1501 was pending in the district court, all of which contributed to the failure of the homestead, which was worth $15,000, to bring an adequate consideration at such sale. That the judgment in suit 1471, the sale thereunder, and the sheriff's deed to E. N. Lewis, which was placed on record, prevented the property sold at trustee's sale from bringing its reasonable market value, which was $20,000, and enabled E. N. Lewis to acquire the entire tract on his bid of $3,500.

They sought to set aside the sale under execution in cause No. 1471 and to have the sale under the deed of trust vacated and the deeds executed by reason of such sales canceled and the cloud cast upon their title on account of such proceedings removed.

The plaintiffs in error do not attack the validity of the judgment obtained in county court by E. N. and E. F. Lewis against Carr Scott, the execution, sale, and purchase of the south 120 acres in virtue thereof by E. N. Lewis. Neither do they assail the validity of the judgment of the First National Bank foreclosing its deed of trust lien on said south 120 acres, nor the execution, sale, and purchase of said land under said proceedings. Either of said sales, so far as revealed by this record, divested plaintiffs in error of title to said 120 acres and vested title thereto in the purchasers, subject to the liens securing the payment of the Seibold notes.

From the judgment obtained against plaintiffs in error in cause No. 1471 by the Lewis Lumber Company, the validity of which is assailed in this suit, an appeal was prosecuted to this court and the judgment was affirmed. Scott v. Lewis, 49 S.W.(2d) 515. This opinion disposes adversely to plaintiffs in error the contentions relative to the absence of their attorney, the validity of the lien foreclosed, and the jurisdiction of the trial court to render the judgment. The judgment in cause No. 1471 became final, not only as to the above issues, but also to the additional questions raised in this appeal, for the reason that such additional issues should have been presented on the former appeal. The general rule is well settled that a final judgment is conclusive of questions which might have been litigated and decided, which are incident to or essentially connected with the subject-matter of the original suit, and such a judgment is conclusive against all matters, both offensive and defensive, which might have been brought forward for determination by the exercise of reasonable diligence. 26 Tex. Jur. 135 et seq., §§ 418, 419. The present suit is not based on any fact alleged to have arisen since the judgment in cause 1471 was rendered in the trial court and no claim is made that the additional questions presented in this appeal were not known to plaintiffs in error at the time the former appeal was prosecuted.

The affirmance of this judgment, in our opinion, could be safely based on what we have heretofore said. However, relative to the contention that the judgment in No. 1471 was void because the foreclosure of the lien was for an amount in excess of the sum secured by such lien, plaintiffs in error, having failed to tender the sum covered by the lien, are not in a position to have the judgment set aside for such excess. Floyd v. Hammond (Tex. Com. App.) 268 S. W. 146.

■ The plaintiffs in error challenge the validity of the sale of the entire 320 acres by the substitute trustee under the deed of trust, because E. N. Lewis, who was the owner of the debt and lien, had theretofore filed suit No. 1501 in the district court of Collingsworth county to foreclose his vendor's lien against the tract, and this constituted an election of remedies by which he was estopped to pursue his remedy of sale under the provisions of said deed of trust.

In view of what we have heretofore said, this assignment is not material to a disposition of this appeal. However, the allegations of the petition are that plaintiffs in error were not in default at the time suit No. 1501 was filed, C. F. Seibold having extended the time of the payment of the first lien notes prior to having transferred them to E. N. Lewis. That suit No. 1501 was dismissed and thereafter the sale made under the provisions of the deed of trust.

"Where a suit is commenced before the cause of action has accrued and is defeated for that reason, the suitor is not precluded from commencing another action after the cause of action has matured." 20 C. J., p. 37, § 31D. See, also, Johnson et al. v. First National Bank of Marlin (Tex. Civ. App.) 198 S. W. 990.

Under the allegations of the petition, there was no estoppel created by an election of remedies and this assignment is overruled.

The judgment is affirmed.