**COMMERCIAL LOAN & TRUST CO. et al. v. REED AUTOMOBILE CO., Inc.**

No. 2656.

Court of Civil Appeals of Texas. Beaumont. Oct. 11, 1934.

Rehearing Denied Oct. 17, 1934.

Sylvan Lang, Birkhead, Beckman, Stanard & Vance, and Morris Wise, all of San Antonio, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellee.

WALKER, Chief Justice.

This case was tried in the district court of Nueces county, appealed to the San Antonio Court of Civil Appeals and transferred to this court by orders of the Supreme Court.

The suit was instituted on the 23d of March, 1932, by appellee, Reed · Automobile Co., Inc., against appellants, Commercial Trust & Loan Company, a corporation with its general offices in San Antonio, Bexar county, and Southland-Greyhound Lines, Inc., to recover of appellants the sum of $989.67, interest, costs of court, etc., on the following allegations: On the 17th day of July, 1929, appellee recovered judgment against H. J. Stebbins and J. L. Livingston in the county court of Nueces county for the sum of $989.67, with interest at 10 per cent. per annum, costs of suit, etc. On or about the 1st day of April, 1929, the predecessor in interest of appellant, Southland-Greyhound Lines, Inc., entered into a contract with H. J. Stebbins and a large number of motorbus operators to purchase their bus lines for the lump sum consideration of $60,000, part of which was paid in cash. Of the consideration, $39,200 was to be deposited in escrow with Commercial Loan & Trust Company by the purchaser of the bus lines, to be distributed by the escrow agent to the vendors under the term of the escrow agreement. Under this agreement $1,585 of the escrow fund was to be paid to H. J. Stebbins. The agreement under which this fund was held was duly executed by all interested parties. For grounds of relief, appellee pleaded section No. 6 of this contract, which reads as follows:

"At the time of maturity of the payment to the operators of the escrowed fund by the escrowee, if there are any debts owing by the operators on their equipment, or for tires, gasoline, repairs or for any other item incident to such operation, the amount of such indebtedness shall first be paid out of the escrowed fund before such fund, or the balance thereof, is delivered to the operator, respectively; provided, however, that no such expense incurred by any operator shall be chargeable to any fund other than his own portion of said escrowed fund. All such debts shall be a charge only against the balance due the operators after deducting all amounts due the First Party, however arising. No claim against any operator which is in good faith disputed by him shall be thus paid. But this clause confers no right of action by any person not a party to this contract, against the escrowee."

Under this section of the contract appellee seeks to predicate liability against appellants by the following allegations:

"That under the terms of said contract, there was existing in the escrowed fund in the hands of the defendant, Commercial Loan & Trust Company of San Antonio, Texas, approximately Sixteen Hundred Twenty and 26/100 ($1,620.26) Dollars to be apportioned between the said H. J. Stebbins, this plaintiff, and any other persons entitled to receive therefrom under the terms of the aforesaid contract, and that this plaintiff was entitled to payment out of such sum of Sixteen Hundred Twenty and 26/100 ($1,620.26) Dollars, on the 31st day of March, 1930, the amount of its judgment theretofore recovered against the said H. J. Stebbins, and that under the terms of such contract, this plaintiff was entitled to a prior right and to be first paid the amount of its claim for the debts due it by the operator, H. J. Stebbins, on his equipment, tires, gasoline and repairs, and the defendants and each of them were required by the provisions of said contract to retain out of such escrowed fund sufficient amount of money to pay this plaintiff the amount of its claim and judgment against the said H. J. Stebbins.

"4. The plaintiff would further show to the court that prior to and on the first day of April, 1930, and before any of such funds held in escrow under the terms of such contract was paid to said H. J. Stebbins, or his assigns, this plaintiff notified the defendants, and each of them, of its claim as against the said H. J. Stebbins, and of his failure to pay same, which notices were in writing and delivered to each of the defendants, or their duly authorized agents in their place of business in San Antonio, Texas, and that prior to April 1st, 1930, the defendant, Southland-Greyhound Lines, Inc., was notified of this plaintiff's claim against the said H. J. Stebbins by letters from this plaintiff dated January 21st, 1930, and March 17th, 1930, to such defendant, and that prior to the distribution of such fund by the defendants this plaintiff's claim was made known to the attorneys for such defendants by both written and oral notice thereof.

"5. The plaintiff would further show to the court that after the execution of the contract of April 1st, 1929, aforesaid, the Southland-Greyhound Lines, Inc., purchased from and took over all the rights, title and interest of the Southland-Red Ball Motor Bus Company, the date thereof is not known to this plaintiff but is well known to the defendants, and at the same time such defendants, Southland-Greyhound Lines, Inc., assumed the obligations expressed in said contract of April 1, 1929, and undertook to carry out the terms thereof, and thereby it and the defendant, Commercial Loan & Trust Company of San Antonio, Texas, became liable and bound to pay this plaintiff the amount of its judgment and claim against the said H. J. Stebbins for such equipment, tires, gasoline and repairs with interest thereon as provided in such judgment, and that though such defendants have been fully advised of this plaintiff's claim and rights under such contract, and demand has been made upon them for payment thereof, and that they, and each of them, have hitherto failed and refused to pay this plaintiff the amount of such debt, with interest as provided in such judgment, to its damage in the sum of $1,500.00.

"Wherefore, premises considered, plaintiff prays that the defendants be cited to appear and answer this petition, and that it have judgment against them and each of them for the amount of its debt, damages, interest and costs of suit, and for such other and further relief, special and general, in law and in equity, as it may be justly entitled to."

Commercial Loan & Trust Company answered by plea of privilege to be sued in Bexar county. Both appellants answered by general and special demurrers, general denial, want of notice that appellee was claiming an interest under the contract, and that by instituting garnishment proceedings against appellants to collect its judgment against Stebbins it had elected not to claim an interest in the fund; they also pleaded a due execution on their part of all the conditions of the escrow agreement. Upon trial before the court without a jury, the plea of privilege and all demurrers were overruled and judgment was entered in favor of appellee against appellants for the full amount of its demand.

■ The judgment is without support. We agree with the contention of appellee that the escrow agreement was for its benefit. But being entitled to the benefits of this agreement, appellee was required by law to accept the benefits and to be bound by the conditions of the contract. On this proposition it is said by 10 Tex. Jur. 483, § 280:

"To entitle a third person to sue on a contract, it must have been made for his benefit as its object, and he must be the party intended to be benefited. It is not necessary that he be named in the contract, however, nor even that the particular person to be benefited be known when the contract was made; it is sufficient if a third person be in some measure pointed out and designated as the one intended.

"The person for whose benefit the contract is made must accept it. But a formal acceptance is not necessary; demanding payment of an indebtedness assumed by the promisor or bringing suit upon the contract is a sufficient acceptance. Election to accept or reject, when once made, is irrevocable except by consent of the interested parties."

The acceptance could have been either notice to appellants of the acceptance or by suit filed by it against appellants to accept the benefits. In either event the acceptance must have been made by appellee while the funds were in escrow and before they were distributed by the consent and agreement of appellants and Stebbins. In Waggoner v. Herring-Showers Lbr. Co. et al., 120 Tex. 605, 40 S.W. (2d) 1, 4, the court said:

"We think the rule is established in this state that, even as between a vendor and a vendee, a contract of purchase and sale of real estate, although executed as required by law, involving an assumption of liability, may be rescinded without any continuing liability in favor of the creditor, so long as the creditor has not accepted. Edwards v. Beals (Tex. Com. App.) 271 S. W. 887; Caraway v. Fowler (Tex. Com. App.) 267 S. W. 672; Morrison v. Barry, 10 Tex. Civ. App. 22, 30 S. W. 376 (writ ref.); Huffman v. Western Mortgage & Inv. Co., 13 Tex. Civ. App. 169, 36 S. W. 306."

In this case the evidence was that the funds were paid out by the escrow agent to Stebbins' assignee long before this suit was filed. It follows that appellee acquired no interest in the fund by the mere institution of this suit.

■ Appellee makes the further contention that the evidence shows that it notified appellants of its claim against Stebbins and of its acceptance under the escrow agreement, long before the funds were paid out to Stebbins' assignee. We do not go into the facts on this issue because it was not pleaded by appellee as a basis of recovery. All it pleaded was that appellants had notice of its claim.

The failure of appellee to plead acceptance in connection with its allegation of notice was directly challenged by the following special exception:

"This defendant specially excepts to Paragraph 4 of plaintiff's petition because plaintiff has wholly failed to allege the nature or character of the claim asserted or of which notice is alleged to have been given to this defendant, and because plaintiff has wholly failed to allege that it notified this defendant that it was claiming that this contract had been made for plaintiff's benefit and that it had accepted such benefits, but on the contrary plaintiff merely alleges that it had a claim against Stebbins and wholly fails to allege any facts to show any obligation on the part of this defendant to pay said claim under the terms of the contract sued on by plaintiff."

If it be conceded that the petition was good as against the general demurrer, certainly it could not be so construed as against this special exception.

It would serve no useful purpose to give appellee an opportunity to amend its pleading on the issue just discussed, because, under the undisputed facts, appellee elected not to accept the benefits of the escrow agreement. The escrow fund, as stated above, was held by Commercial Loan & Trust Company. Appellee knew of the conditions of the escrow agreement. With knowledge of all essential facts, appellee instituted garnishment proceedings against appellants, on the allegation that the fund belonged to Stebbins and was being held for him. The garnishment suit remained on the docket of the trial court until after the fund belonging to Stebbins had been paid out on authority of Stebbins' assignment. With the garnishment suit still pending, but after the escrow fund had been disbursed, this suit was instituted, and, about thirty days after the institution of this suit, the garnishment proceedings were dismissed.

Appellee correctly contends that, to sustain a defense founded upon the doctrine of estoppel by election, it must be made to appear that the party against whom the election is pleaded actually had two valid available and inconsistent remedies, and that he undertook to pursue one of them; that he was mistaken in thinking he had a remedy which was not available to him did not constitute an election. The authorities, supporting appellee's construction of the doctrine of election, are collated in McLane v. Haydon (Tex. Civ. App.) 160 S. W. 1146. See, also, Tyler County State Bank v. Shivers (Tex. Civ. App.) 281 S. W. 264; Linz v. Eastland County (Tex. Com. App.) 39 S.W.(2d) 599, 77 A. L. R. 1466; Bandy v. Cates, 44 Tex. Civ. App. 38, 97 S. W. 710, and Brodkey v. Lesser (Tex. Civ. App.) 157 S. W. 457.

But the rule is settled in this state that, where a party has available two valid and inconsistent remedies and undertakes to pursue one of them, his action constitutes an election, and he cannot afterwards resort to the other remedy. In Bauman v. Jaffray, 6 Tex. Civ. App. 489, 26 S. W. 260, the rule is announced that an election to accept or reject, when once made, is irrevocable. That case is practically on all fours in its facts with the case at bar, and in our judgment is decisive in support of the conclusion that by instituting garnishment proceedings, with knowledge of all attending facts, appellee elected not to accept the benefits of the escrow agreement.

Under the authorities cited by appellee, to constitute an election, it must have had a choice between two valid available and inconsistent remedies. Appellee had two remedies. It had a judgment against Stebbins. Under the law it had the remedy of enforcing that judgment by suing out a writ of garnishment and seizing all available funds belonging to Stebbins. Appellee tried to enforce that remedy by suing out its writ of garnishment and having it duly served upon appellants. The other remedy was to claim the funds held in escrow, as under an assignment. That remedy required appellee to accept the benefits of the contract. The writ of garnishment was a repudiation of the claim of ownership, and the election thus made was irrevocable.

From what we have said, it follows that the judgment of the lower court must be reversed and judgment here rendered in favor of appellants, and it is accordingly so ordered.

Reversed and rendered.