**PAYTON v. TRAVIS COUNTY.**

No. 8375.

Court of Civil Appeals of Texas. Austin.

June 10, 1936.

J. Hubert Lee and Chas. O. Betts, both of Austin, for appellant.

Roy C. Archer, of Austin, for appellee.

McCLENDON, Chief Justice.

Appeal from a final judgment of the county court dismissing an appeal from the county commissioners' court in a proceeding to establish a public road of the second class over Payton's (appellant's) land, and to assess the damages therefor.

The damages assessed by the jury of view, whose report was adopted by the commissioners' court, was $5. This, Payton declined to accept, and appealed (without bond or notice of appeal) by filing in the county court objections to the award and transcript of the proceedings in the commissioners'. court.

It is conceded that the proceeding is governed by R.C.S. art. 6710, which provides that: "Said owner may appeal from such assessment as in cases of appeal ⸱ from judgment of justice courts."

. The following holdings have been made in construing this article:

(1) The county court (when not deprived of civil jurisdiction) is the proper court having jurisdiction of the appeal, regardless of the amount in controversy. Taylor v. Travis County, 77 Tex. 333, 14 S.W. 137; Bell v. Palo Pinto County (Tex. Civ.App.) 29 S.W. 929.

(2) Neither bond nor notice of appeal is an essential prerequisite to exercise of the owner's right of appeal. Karnes County v. Nichols (Tex.Civ.App.) 54 S.W. 656, citing . by analogy in appeals from ·justice courts, Houston & T. C. Ry. Co. v. Red

Cross Stock Farm, 91 Tex. 628, 45 S.W. 375, and Yarbrough v. Collins, 91 Tex. 306, 42 S.W. 1052. See, also, 21 Tex.Jur. § 73, pp. 597–599.

(3) Nor is the owner required to present his claim for allowance and audit, under R.C.S. arts. 1573 and 1660; but may appeal at once. Gaines County v. Hill (Tex. Civ.App.) 25 S.W.(2d) 197. As counter to this holding, appellee cites McLennan County v. Miller (Tex.Civ.App.) 257 S.W. 680. That case, however, was not an appeal from the commissioners' court; but an original suit in the county court, upon an alleged claim against the county for damages. This was pointed out in the Gaines County Case, supra.

The contention in support of the judgment of dismissal, upon which appellee lays greatest stress, is thus stated in its brief: "Appellant must comply with the provisions of Article 6710 RCS, 1925, by filing a statement of his damages with the jury of view at the proper time, or by properly objecting to the approval of said report by the Commissioners' Court before he can avail himself of the right to appeal 'as in cases of appeal from judgments of justice courts.' "

The following cases are cited: Clark v. Red River County (Tex.Civ.App.) 28 S.W. (2d) 230; Willacy County v. Kudor (Tex. Civ.App.) 43 S.W.(2d) 974; McLennan County v. Miller, supra; Vogt v. Bexar County, 16 Tex.Civ.App. 567, 42 S.W. 127, error refused Bexar County v. Voght, 91 Tex. 285, 43 S.W. 14. None of these cases was an appeal from a judgment of the commissioners' court. The first three were original suits for damages filed in the county court; the fourth was a suit in the district court in trespass to try title. All of these cases manifestly were collateral attacks upon the judgments of the commissioners' court.

Whatever effect a failure on Payton's part to file a statement of his damages with the jury of view, or to object to the approval of their report by the commissioners' court may have upon his substantive rights in a trial upon the merits (a question upon which we express no opinion), such failure in no way affected his right of appeal to the county court.

The trial court's judgment is reversed, and the cause remanded.

Reversed and remanded.