**KANSAS CITY LIFE INS. CO. et al. v. WELLFARE et al.**

No. 12267.

Court of Civil Appeals of Texas. Dallas.

Oct. 23, 1937.

Rehearing Denied Nov. 20, 1937.

Goggans & Ritchie and John B. Stigall, Jr., all of Dallas, for appellants.

Lyle Saxon and J. E. Burkholder, both of Dallas, for appellees.

BOND, Chief Justice.

This is an action instituted in a district court of Dallas county by Mrs. E. K. Wellfare and husband, F. E. Wellfare, against Kansas City Life Insurance Company and R. A. Ritchie, trustee, seeking to cancel a deed of trust lien owned and held by said insurance company, and to enjoin its trustee from exercising the powers of sale thereunder. The lien is shown to have been given to Realty Trust Company and duly assigned and transferred to the Kansas City Life Insurance Company.

The contention is herein made that the Realty Trust Company, at the time the proposed deed of trust was executed, waived the lien and the rights granted thereunder, by reason of one J. E. Burkholder, who neither owned nor claimed any right, title, or interest in or to the property described therein, joining in the execution of the note and deed of trust in pursuance to requirement of the trust company, before it would extend the loan to the borrowers.

At a prior term of a district court of Dallas county (on June 29, 1934), the plaintiffs herein, joined by J. E. Burkholder, filed suit against these defendants and the Realty Trust Company, attacking the validity and legality of the note and deed of trust here involved and the lien created thereby, on the ground that the loan transaction was tainted with usury, and therein sought an injunction to restrain the defendants, its agents and trustees from exercising the power of sale under the deed of trust. The validity of the loan transaction was properly put in issue by the parties of that suit,

and final judgment entered denying the injunction and establishing the deed of trust lien as a valid and subsisting lien on said property. Subsequently, the judgment was affirmed by the appellate courts. On trial of the present suit, the court below sustained plaintiffs' objection to the introduction of the record in said prior suit, to which action the defendants excepted and here present error of the court by proper assignments.

In due course of pleadings, the defendants urged a plea of res adjudicata, by reason of the above prior action, and the entry of final judgment therein; and also presented a plea of bad faith of the plaintiffs in bringing the present suit after final determination of the issues in the prior litigation; and in cross-action sought to enjoin the plaintiffs from further filing such vexatious suits. The trial court overruled both of said pleas, and a jury being impaneled to try the cause, at the conclusion of the testimony, the trial court discharged the jury and entered judgment in favor of the plaintiffs, canceling the deed of trust lien on the property in question and enjoining the sale under the power of the deed of trust, and against the defendants, refusing injunctive relief on their plea of bad faith of the plaintiffs. Without the filing of a motion for new trial, the defendants perfected their appeal and here assigned proper assignments of error, on the action of the court on entering the judgment.

Appellees have filed a motion in this court to dismiss the appeal, on the ground that the record presents no fundamental error, and that, appellants having failed to file motion for new trial in the court below, there is no basis for consideration of appellants' assignments of error.

A motion for new trial is not essential to an appeal, nor is such motion a condition precedent to have reviewed assignments of error based on matters which have otherwise been properly presented and ruled upon by the trial court. The purpose of a motion for a new trial is to give the trial court an opportunity to consider and pass on all matters involved in the litigation; and, where the trial court has once heard and ruled on all questions, both legal and factual, without the intervention or aid of a jury, as was done in this case, a motion for a new trial is not necessary. Therefore, the motion to dismiss the appeal is overruled.

The present controversy is not grounded upon any alleged expressed contract of waiver, or any implied agreement made subsequent to the final determination of the issues involved in the former suit. In the former suit, as in the present one, plaintiffs attacked the validity of the loan transaction, and sought an injunction to prevent the enforcement of the deed of trust lien. The only difference in the two causes of action is that in the first suit the validity of the lien was attacked because of usury, and in the second on the ground of waiver. The ground of waiver, if any existed, was presently available at the time the first suit was instituted, and no excuse is here shown as to why such defense was not urged in that suit.

In Scott et ux. v. Lewis et al. (Tex.Civ. App.) 64 S.W.2d 365, 366, the Waco Court of Appeals correctly states the rule applicable here, thusly: "The general rule is well settled that a final judgment is conclusive of questions which might have been litigated and decided, which are incident to or essentially connected with the subject-matter of the original suit, and such a judgment is conclusive against all matters, both offensive and defensive, which might have been brought forward for determination by the exercise of reasonable diligence." This view is also set forth in the case of White v. Burch et al. (Tex.Civ. App.) 33 S.W.2d 512. In refusing the proffer of the record in the prior suit, we think the court erred. The defendants were entitled to the introduction of such evidence on their plea of res adjudicata, and further indicative of the lack of good faith on the part of plaintiffs as to entitle the defendants to injunctive relief, restraining the plaintiffs from again attacking the validity of such deed of trust lien by such additional vexatious suits. This alone would cause a reversal of this cause.

Plaintiffs' cause of action is based solely upon the proposition that the requirement by the lender of personal security on the note, secured by the deed of trust, constitutes a waiver of the lien thus created. In considering this record, as stated above, there is no contention made that the Realty Trust Company, the original lender, contractually waived or expressed any intention of waiving the lien of the executed deed of trust. The only verbal testimony on the point was given by Mrs. Wellfare and Mr. Burkholder. Mrs. Wellfare, in effect, testified that some one at the Realty Trust Company, whom she later identified as one Mr. Blount, after having the property appraised, stated that he desired Mr. Burkholder to join in the execution of the loan papers, and refused, on behalf of the said Realty Trust Company, to make the loan to the borrowers without such joinder. Mr. Burkholder testified that, when requested to join in the execution of the papers, he protested that he had no interest in the security, and that he signed the loan contract only when the representatives of said Realty Trust Company stated to him that, after an inspection of the security, they could not make the loan unless he would guarantee the payment.

While a lien on property may be waived by implication when the parties act in a manner inconsistent with the continuation of such lien, yet we are unable to see how such action by the representatives of the Realty Trust Company, in exacting further security as stated in the testimony of the above witnesses, can under any theory be held to constitute an inconsistency. Obviously, such action of the lender does not indicate an intention to waive the deed of trust lien. It would appear that such action exhibits an intention to strengthen the security rather than an intent to discard such lien. This view is emphasized by recitations in the deed of trust. Among the usual and customary provisions, this particular instrument contains the following provision: "The grantor herein J. E. Burkholder, has no interest in the land herein conveyed, and joins herein for the better security of the note hereby secured." Such phrase, we think, showed clearly the intent to convey the meaning of additional, more satisfactory, or increased security. It clearly implies that the note mentioned therein has the security of the deed of trust and, in addition, the protection of the obligation of Mr. Burkholder. Such interpretation is more clearly brought out when other portions of the deed of trust are examined in connection therewith. The deed of trust contains the following further provision: "The notes hereinafter described are secured by a first vendor's and mechanic's lien on the land herein conveyed, being given in lieu and in extension of the balance of $3,000.00 due on the note for $150.00 and the note for $2,900.00, described in the deed of trust from Mrs. E. K. Wellfare and husband to Wm. E. Sargeant,

Trustee, dated April 19th, 1925, and recorded in the Deed of Trust Records of Dallas County, Texas; also the note for $250.00 described in Mechanic's Lien Contract from Fred E. Wellfare and wife, E. K. Wellfare to J. E. Burkholder, dated May 7th, 1929, and duly recorded in the Mechanic's Lien Records of Dallas County, Texas, and the holder or holders of the notes hereby secured is subrogated to all of the original rights, titles and remedies securing the payment of the notes and indebtedness hereby extended." Clearly, the deed of trust evidenced an intention that the lien remain and to continue as security for the debt mentioned. When examined in connection with the transaction as a whole, the contention of appellee, we think, is untenable. It is apparent that the parties to such transaction would not have gone through the formalities of the execution and expense of the recordation of the deed of trust, containing the above provisions, with the intention that such deed of trust and the lien created thereby would be inoperative; and there is nothing in the record to lead to the conclusion that the deed of trust lien was waived by requiring additional security.

The law will not indulge in the presumption or implication of waiver of a lien in the face of an express contrary provision. There is a well-marked distinction between the express lien and one that is merely implied. An implied lien is created when land is conveyed by deed, commonly known as a vendor's lien, when no independent security is taken, and neither the deed nor obligation for the purchase money either reserves or waives the lien. True, in such a case, the taking of a promissory note for the purchase money with third parties as surety may raise a presumption that the lien is waived. Parker County v. J. H. Sewell et al., 24 Tex. 238. However, such implication or presumption does not arise in case of express contract lien. In case of a lien expressly reserved in a conveyance, as in the instant case, the taking of additional security neither releases the lien nor creates a presumption of waiver. Therefore, we think the trial court erred in holding that the lien created by the deed of trust was waived by the lender requiring of the borrowers the additional security, and entering judgment for plaintiffs, canceling the deed of trust lien, and enjoining the sale of the property under the powers therein granted; accordingly, the judg-ment is reversed and here rendered in favor of defendants, establishing and fixing as a valid and subsisting deed of trust lien on the property in controversy, the injunction is dissolved, and the defendants granted the right to foreclose under the powers of the deed of trust; and, on the issue of good faith of the plaintiffs in bringing the present suit in the face of the prior litigation, and for injunctive relief on account thereof, that phase of the appeal is remanded to the court below for determination.

The injunction is dissolved, and the judgment of the court below reversed and rendered in part; reversed and remanded in part.