## ALLEN v. GUILFORD MORTGAGE CO. et al.

### No. 12360.

Court of Civil Appeals of Texas. Dallas.

June 4, 1938.

J. E. Burkholder, of Dallas, for plaintiff in error.

Thompson, Knight, Baker, Harris & Wright and John F. Murphy, all of Dallas, for defendants in error.

YOUNG, Justice.

Appellee, Guilford Mortgage Company, brought suit against appellants, R. H. Allen and wife, for debt and foreclosure on a $59,000 note, secured by regular deed of trust and real estate described therein, to G. W. Lingweiler, trustee; alleging default in payment of the monthly installments due and failure to pay certain taxes and insurance, as required by the terms of the instrument last named. A receiver was appointed to take charge of the property in suit, pending the litigation. Other parties not necessary to be named were made defendants below by said Guilford Mortgage Company, original plaintiff, as asserting rights in the property involved. Defendant R. H. Allen, appellant herein, answered to the above suit in a cross-action, bringing in still other parties, including the First National Bank in Dallas as the owner of a certain $13,912.20 note executed in connection with the above $59,000 note of the Guilford Mortgage Company.

It appears that these two notes, deeds of trust and chattel mortgage were executed July 16, 1928, in renewal of a former indebtedness held by the Federal Mortgage Company, increased on said date by additional money obtained for taking up a debt for furniture located in the apartment property. In other words, these two notes were executed to the Federal Mortgage Company, original payee, on July 16, 1935, to evidence a renewal and extension of unpaid balances owing on the property; also for money necessary to pay off a furniture debt and include it in the loan, the entire indebtedness thus being refinanced, and the chattel mortgage on the furniture being given to further secure the payment of the notes of that date. Guilford Mortgage Company later acquired the first lien $59,000 note and the First National Bank in Dallas the smaller second lien note, together with appropriate liens. From these notes the entire debt became payable in 144 monthly installments of $681.45 each, it being stipulated in the respective notes that, during the first 36 months, $386.45 of this monthly installment should be credited on the said second lien note, and $295 thereof on the first lien; the remaining 108 monthly installments of $681.45 to be credited wholly on the $59,000 obligation. Appellant alleged usury in the loan plan, notes and deeds of trust, charging that the note for $13,912.20 was patently for interest, which, being payable in the first 36 months, rendered the entire contract and indebtedness usurious, praying for cancellation thereof, and that all amounts paid be credited on the remaining note; also that a taking of additional security of the chattel mortgage on the furniture was a waiver in itself of all other liens, involved or asserted. Upon a trial, an instructed verdict was rendered against the contention of appellants, and motion for a new trial being overruled, this appeal was taken.

The contract here is the same in all material respects to that involved in Federal Mortgage Co. et al. v. Davis et al., Tex. Civ.App., 100 S.W.2d 717, opinion adopted by the Supreme Court, 111 S.W.2d 1066, and the opinion of Judge Looney of this court effectively disposes of any claim of usury in the case at bar, the only minor differences in the two cases being in the number and amount of monthly installments and the size of the loans to be liquidated. We can add nothing to the reasoning in the Davis Case, supra, and it is decisively adverse to appellant's claim of usury, raised on this appeal.

The assignments and propositions, to the effect that the express deed of trust liens were waived by the taking of a

chattel mortgage, as additional security, are also overruled. See Wilcox et al. v. First Nat. Bank of Austin, 93 Tex. 322, 55 S.W. 317; also Kansas City Life Ins. Co. et al. v. Wellfare et al., Tex.Civ.App., Dallas, 110 S.W.2d 184, where Chief Justice Bond stated the applicable rule of law that (page 187), "In case of a lien expressly reserved in a conveyance, as in the instant case, the taking of additional security neither releases the lien nor creates a presumption of waiver". All assignments and propositions of appellant being considered and overruled, this cause is therefore affirmed.

Affirmed.