**PAYTON v. TRAVIS COUNTY.**

No. 8785.

Court of Civil Appeals of Texas. Austin.

May 24, 1939.

Rehearing Denied June 14, 1939.

Lee & Betts and J. Hubert Lee, all of Austin, for appellant.

Everett L. Looney, of Austin, for appellee.

BAUGH, Justice.

This is the second appeal of this case. See Tex.Civ.App., 95 S.W.2d 474. On the first trial the court dismissed the cause on motion of the County on the ground that Payton had not, under Art. 6710, R.S.1925, timely prosecuted his appeal from the award of damages made by the jury of view and approved by the Commissioners' Court; and that the County Court therefore had no jurisdiction. On the former appeal we held that this was error and reversed and remanded the cause for trial upon its merits.

On the second trial, from which this appeal is prosecuted, the County filed a plea in abatement setting up the same ground; and in addition thereto, pleaded that Payton had, by bringing suit in the District Court to enjoin the building of the road in question, elected to pursue a remedy inconsistent with his appeal to the County Court, and must be held as a matter of law to have abandoned such appeal. This plea in abatement was not passed upon until after the trial on the merits was concluded. Trial was to a jury upon special issues, and after they had returned into court their answers thereto, the trial court sustained the County's plea in abatement and rendered judgment in its favor; hence this appeal.

While the issue of jurisdiction of the trial court was raised on the first trial by motion to dismiss, and in the instant case by plea in abatement, the grounds asserted in both were in effect the same. It follows necessarily that this issue was foreclosed against the County on the former appeal, became the law of this case, and should not have been considered by the trial court. Ford v. Wheat, Tex.Civ.App., 59 S.W.2d 469; Scott v. Lewis, Tex.Civ. App., 64 S.W.2d 365.

The question of estoppel of Payton by election of remedies was predicated upon the fact that on February 12, 1935, before appeal to the County Court from the award in question, Payton filed suit in the District Court asking for a temporary restraining order, and upon hearing an injunction, to restrain the County Commissioner from entering upon his premises to build the road in question. The Commissioner answered and on the same day this suit was dismissed on the plaintiff's motion without a trial. This did not constitute such an election of remedies, if any election at all, as would estop Payton from

thereafter prosecuting the instant suit. As stated in Commercial Loan & Trust Co. v. Reed Automobile Co., Tex.Civ.App., 75 S.W.2d 144, 147, to sustain such a defense, "it must be made to appear that the party against whom the election is pleaded actually had two valid available and inconsistent remedies, and that he undertook to pursue one of them; that he was mistaken in thinking he had a remedy which was not available to him did not constitute an election." See cases therein cited. Recovery of adequate damages under condemnation must be predicated upon the legality of the condemnation proceedings. On the other hand, the injunction sought by Payton was predicated upon the illegality of such proceedings. Both remedies could not therefore have been valid or available to him. Consequently Payton was mistaken as to one of them and no election resulted.

▮ Not only was this true; but the rule applicable to the instant case is stated with citation of numerous authorities to sustain it, in 15 Tex.Jur., § 8, p. 831, as follows: "While the prosecution of a suit to judgment is undoubtedly an election to pursue this remedy, the mere bringing of an action which has been dismissed before judgment and by which no advantage has been gained or detriment occasioned is not an election."

Manifestly the application for an injunction filed by Payton and dismissed by him on the same day without a hearing could not and did not change nor affect the rights of any of the parties on the question of damages. Consequently the plea in abatement was improperly sustained and should have no bearing either on the issues tried nor the findings of the jury thereon.

The next question presented relates to special issues 1 and 2 submitted to the jury. The County defended, among other things, on the ground that the road in question "was laid and improved upon an already existing and established public road which had been so existing and established for many, many years prior to December 27, 1934, (the date of the condemnation) and for more than twenty years, etc." In brief, that the County already had an easement thereon by prescription, binding on Payton, and that it therefore owed him no damages.

In answer to special issue No. 1, the jury found "that a public road had been established across the B. R. Payton property by 'prescription' * * * prior to December 29, 1934." And in answer to special issue No. 2, "that the road in question which was laid out, graded and worked by the County after December 29, 1934, followed substantially the same route of the road already established by prescription."

Numerous objections, timely raised by appellant, are urged to these two issues, e. g., that they embody issues of law and not of fact; and that the findings of the jury thereon are without evidence to support them. The County through the Commissioners' Court undertook to condemn Payton's property for roadway purposes in the manner prescribed by law, appointed a jury of view, had the road surveyed, the land to be taken appraised, and the damages assessed. The jury of view assessed Payton's damages at $5. Its report was accepted and approved by the Commissioners' Court and the $5 so awarded ordered paid to Payton. The judgment of the trial court in the instant case also ordered the $5 paid to appellant.

▮ Under these circumstances, the County was clearly estopped to thereafter assert an easement by prescription. Certainly the County cannot be permitted to lay out, establish, and improve a public road through condemnation proceedings upon and over private property, wherein by such condemnation it recognized title thereto in Payton and undertook to compensate him therefor in the manner prescribed by law; and then, when the condemnee was not satisfied with the compensation fixed in the condemnation proceeding, be heard to deny that Payton had any rights in the very property it had theretofore admitted that he did have, and which it undertook to condemn. It cannot rely on the condemnation proceeding to secure its right of way, whether acquiring fee simple title or merely an easement; and having so acquired and constructed its road be heard to say, when Payton seeks adequate compensation in damages, we owe you nothing because we already had what we needed without condemnation, and our condemnation proceeding under which we sought and still seek to compensate you was superfluous and unnecessary. Clearly the County was estopped to take such inconsistent positions. Houston North Shore Ry. Co. v. Tyrrell, 128 Tex. 248, 98 S.W. 2d 786, 793, 108 A.L.R. 1508; 20 C.J., § 376, p. 967.

That being true, the only issue to be determined upon the trial was the amount of appellant's damages. While appellant asserts as error admission of testimony on this issue, certain conduct of counsel both in interrogating witnesses and in argument to the jury, these could affect only the amount of the damages found and no complaint is made as to the amount. And appellant here asks that the jury's answers to issues 1 and 2 be disregarded, and that judgment be rendered in his favor on their answers to issues 3, 4, and 5. Consequently the other contentions made by him are waived.

In answer to special issue No. 3, the jury found that the value of the land taken for road purposes was $85; and in answer to special issues 4 and 5 they found, in effect, that the difference in the market value of the remainder of appellant's lands immediately before and immediately after such taking was $500. The County makes no complaint as to these findings. From what we have said it results that the trial court should have rendered judgment in favor of the appellant in the amount found by the jury.

The judgment will therefore be reversed and in keeping with the jury verdict here rendered in favor of appellant against appellee for $585 and all costs of suit, both in the trial court and in this court.

Reversed and rendered.

### On Motion for Rehearing.

In its motion for rehearing, appellee for the first time urges as fundamental error the action of the trial court in overruling its oral motion, made during the progress of the trial, to declare a mistrial on the ground that Payton's testimony showed that the Federal Land Bank of Houston held a note against his land; that it was therefore a necessary party; and that no final judgment could be rendered in this suit unless and until it were made a party. There were no pleadings to this effect, and appellee now urges it as fundamental error.

If it be conceded that fundamental error is shown, which question we find it unnecessary to determine, the question has now been rendered moot. In reply to the motion, appellant, by extraneous proof, has shown to this court that since the trial of this case and its submission in this court on appeal, Payton has paid to the Federal Land Bank his indebtedness to it and

fully discharged its claim. A reversal merely to make the Federal Land Bank a party upon another trial, when it is now neither a necessary nor proper party would consequently be useless. See 3 Tex. Jur., Secs. 24, 25, pps. 68–71, and authorities there cited. The motion is therefore overruled.

Overruled.